UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK JIMENEZ,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DEPARTMENT OF TRANSPORTATION; THE HON. PETE BUTTIGIEG, SECRETARY OF TRANSPORTATION; and DOES 1 through 50, inclusive,<br><br>　　　　　Defendants. | No. 2:19-cv-01458-TLN-KJN<br><br>**ORDER** |

This matter is before the Court pursuant to Defendants U.S. Department of Transportation (the "DOT") and Secretary Pete Buttigieg's[1] (collectively, "Defendants") Motion to Dismiss. (ECF No. 7.) Plaintiff Mark Jimenez ("Plaintiff") opposes Defendants' motion. (ECF No. 15.) Defendants filed a reply. (ECF No. 16.) For the reasons set forth below, the Court hereby GRANTS Defendants' motion. (ECF No. 7.)

///

///

---

[1] Pursuant to Federal Rule of Civil Procedure ("Rule") 25(d), "[t]he officer's successor is automatically substituted as a party" when a public officer "ceases to hold office while the action is pending." Fed. R. Civ. P. 25(d). The Clerk of the Court is directed to update the docket as necessary.

1

### I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff worked for the DOT before he was removed from his position on October 10, 2018. (ECF No. 1 ¶ 12.) Plaintiff identifies as being "of Hispanic descent" and having "brown skin." (*Id.* at ¶ 7.) In January 2018, Plaintiff was one of three volunteers selected for temporary promotions to "NOM"[2] positions for one to two pay periods each. (*Id.* at ¶ 13.) On March 23, 2018, Plaintiff discovered a fourth employee was given a NOM temporary promotion. (*Id.* at ¶ 14.) Plaintiff was assured he would receive the fourth temporary NOM promotion after "pay period 2018-11." (*Id.*) However, on June 14, 2018, NCT SOC[3] Manager Paul Deane denied Plaintiff a temporary NOM promotion. (*Id.*)

Plaintiff filed a complaint of discrimination for both the denial of the temporary NOM promotion and the disparate treatment he received throughout his career with the DOT. (*Id.* at ¶ 16.) On October 3, 2018, Plaintiff participated in a mediation with the Office of Civil Rights; Paul Deane; and Northern California TRACON Technical Group Manager, Sarah Goldfarb. (*Id.* at ¶ 17.) On November 27, 2018, Plaintiff received notice that his complaint of discrimination was partially accepted by the DOT's Office of Civil Rights. (*Id.* at ¶ 18.) On May 1, 2019, the DOT rescinded the partial acceptance, dismissed Plaintiff's entire complaint, and informed Plaintiff of his appeal rights. (*Id.*) On May 31, 2019, Plaintiff appealed the DOT's decision dismissing the complaint to the United States Equal Employment Opportunity Commission ("EEOC"), Office of Federal Operations. (*Id.*)

Plaintiff filed the instant action with this Court on July 30, 2019. (ECF No. 1.) On July 31, 2020, Defendants filed a motion to dismiss. (ECF No. 7.) Plaintiff originally filed a statement of non-opposition, to which Defendants replied. (ECF Nos. 10, 11.) However, on March 16, 2021, Plaintiff submitted a motion for leave to file a late opposition, which the Court granted. (ECF Nos. 13, 14.) On April 5, 2021, Plaintiff filed his opposition. (ECF No. 15.) On April 15, 2021,

---

[2] Defendants correctly note that Plaintiff "does not explain what a 'NOM' position is, whether the promotion would involve a pay increase or new duties, or how the non-selection would otherwise constitute an adverse employment action." (ECF No. 7-1 at 7.)

[3] Plaintiff fails in his Complaint to explain what these abbreviations stand for. (*See* ECF No. 1.)

1  Defendants filed an amended reply. (ECF No. 16.)

2      **II.**    **STANDARD OF LAW**

3      A motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Rule 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). Under notice pleading in federal court, the complaint must "give the defendant fair notice of what the claim . . . is and the grounds upon which it rests." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted). "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

    On a motion to dismiss, the factual allegations of the complaint must be accepted as true. *Cruz v. Beto*, 405 U.S. 319, 322 (1972). A court is bound to give the plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. *Retail Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963). A plaintiff need not allege "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to relief." *Twombly*, 550 U.S. at 570.

    Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of factual allegations." *U.S. ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 697 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 680. While the plausibility requirement is not akin to a probability requirement, it demands more than "a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. This plausibility inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

In ruling on a motion to dismiss, a court may only consider the complaint, any exhibits thereto, and matters which may be judicially noticed pursuant to Federal Rule of Evidence 201. *See Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988); *Isuzu Motors Ltd. v. Consumers Union of U.S., Inc.*, 12 F. Supp. 2d 1035, 1042 (C.D. Cal. 1998).

If a complaint fails to state a plausible claim, "'[a] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

### III. ANALYSIS

Plaintiff's Complaint alleges three claims: (1) a violation of 42 U.S.C. § 1981; (2) a violation of Title VII of the Civil Rights Act of 1964 ("Title VII"); and (3) a violation of the California Fair Employment and Housing Act ("FEHA"). (ECF No. 1 at 5–8.) Defendants move to dismiss the first and third claim, arguing Title VII "is the exclusive remedy available to federal employees (both past and present) alleging job discrimination." (ECF No. 7-1 at 3.) Defendants further move to dismiss the second claim, arguing: (1) the Secretary of Transportation is the only proper defendant; (2) the Complaint fails to state a Title VII claim; and (3) Plaintiff has failed to exhaust administrative remedies. (*Id.* at 3–8.) The Court will first evaluate Defendants' argument on the first and third claims. The Court will then evaluate each of Defendants' arguments on the second claim in turn.

///

4

Claims One and Three: Violation of 42 U.S.C. § 1981 and FEHA

Defendants argue Plaintiff's claims under 42 U.S.C. § 1981 and FEHA should be dismissed because "Title VII is the exclusive remedy available to federal employees (both past and present) alleging job discrimination." (ECF No. 7-1 at 3.) In opposition, Plaintiff notes that he "has no objection" to dismissing these claims and "leaving Title VII as the exclusive remedy for his job-related discrimination claims." (ECF No. 15 at 2.) Accordingly, because all parties agree to dismiss this claim, Defendants' motion to dismiss Plaintiff's first and third claims is GRANTED without leave to amend.

Claim Two: Violation of Title VII

*i.  Proper Defendants*

Defendants first argue Plaintiff improperly included DOT as a Defendant, as a federal agency is not the proper defendant to a Title VII action — the only proper defendant is the head of the agency. (ECF No. 7-1 at 3–4.) Plaintiff does not address this argument in his opposition. (*See* ECF No. 15.) Defendants are correct that "the head of the department, agency, or unit" is the proper defendant in a civil action. (ECF No. 7-1 at 3–4 (citing 42 U.S.C. § 2000e–16(c); *Sommatino v. U.S.*, 255 F.3d 704, 707 n.1 (9th Cir. 2001).) Plaintiff has therefore improperly named DOT as a Defendant in the instant action. Accordingly, DOT is DISMISSED from the instant case.

*ii.  Failure to State a Claim*

Defendants next argue Plaintiff fails to state a Title VII claim because "the Complaint fails to allege any facts that would establish a *prima facie* case of disparate treatment or otherwise give rise to an inference that the reason he was denied a temporary promotion at the [DOT] was because of his origin/race or color." (ECF No. 7-1 at 4–5.) In opposition, Plaintiff concedes that his Complaint fails to include the factual allegations necessary to state a Title VII claim.[4] (ECF

---

[4] Plaintiff also seeks leave to amend his Complaint to add additional factual allegations. (*Id.* at 2–4.) Defendants are correct that Plaintiff has not complied with Local Rule 137(c), which provides: "If filing a document requires leave of court, such as an amended complaint after the time to amend as a matter of course has expired, counsel shall attach the document proposed to be filed as an exhibit to moving papers seeking such leave and lodge a proposed order as required by [the Local] Rules." E.D. Cal. L.R. 137(c). As Plaintiff has not attached a proposed amended

5

1  No. 15 at 2.) Accordingly, Defendants' motion to dismiss Claim Two is GRANTED. Because

2  the defects could be cured by amendment, such dismissal is with leave to amend. *See Lopez*, 203

3  F.3d at 1130.

4                              *iii.*       *Failure to Exhaust Administrative Remedies*

5  Defendants also argue Plaintiff failed to exhaust administrative remedies, as he "alleges that he

6  filed an appeal with the EEOC on or about May 31, 2019" and "there is no allegation that

7  Plaintiff withdrew his EEOC appeal prior to filing this action." (ECF No. 7-1 at 7–8.) In

8  opposition, Plaintiff maintains his claims have been exhausted because the EEOC dismissed his

9  complaint on October 27, 2020.[5] (ECF No. 15 at 4.) The Court finds Defendants' final argument

10 persuasive.

11 "Title VII specifically requires a federal employee to exhaust his administrative remedies as a

12 precondition to filing suit." *Vinieratos v. U.S. Dep't of Air Force*, 939 F.2d 762, 767–68 (9th Cir.

13 1991) (citing *Brown v. Gen. Servs. Admin.*, 425 U.S. 820, 832 (1975)). The Ninth Circuit has

14 held that "an aggrieved employee subject to the procedural rules of Title VII exhausts [his]

15 administrative remedies by filing a formal complaint for adjudication by an ALJ." *Bullock v.*

16 *Berrien*, 688 F.3d 613, 618 (9th Cir. 2012). After final agency action has been taken on the

17 complaint, the employee can either file an administrative appeal or file suit in federal district

18 court within 90 days of receiving notice of the final agency action. *Id.* "If the employee files an

19 optional administrative appeal, []he may withdraw that appeal and file suit in district court

20 without waiting 180 days from the filing of the notice of appeal." *Id.* "The employee's lawsuit in

21 district court may proceed even though the employee filed and then withdrew an administrative

22 appeal." *Id.* at 618–19 (finding an employee who filed suit within 90 days of receiving notice of

23 final agency action on her complaint did not fail to exhaust administrative remedies by

24 withdrawing her optional administrative appeal to the EEOC within 180 days after filing a notice

---

complaint with this request, his request for leave to amend is DENIED.

[5]     Plaintiff filed with his opposition the declaration of his counsel Jesse Ortiz. (*See* ECF No. 15-1.) Attached to this declaration is a copy of the EEOC administrative law judge's ("ALJ") order dismissing Plaintiff's formal complaint. (*Id.* at 4–6.)

1  of appeal).

2  Here, the Court agrees with Defendants that Plaintiff's Complaint is unclear as to "whether the

3  agency has issued a final agency decision implementing the [ALJ's] order or whether Plaintiff has

4  filed an appeal with the EEOC." (*See* ECF No. 16 at 5–6.)  As previously mentioned, Plaintiff

5  will be considered to have exhausted his administrative remedies as long as he has withdrawn his

6  EEOC appeal.  *See Bullock*, 688 F.3d at 618–19.  Plaintiff's Complaint fails to make sufficient

7  allegations as to whether he exhausted the requisite administrative remedies.  Accordingly,

8  Defendants' motion to dismiss Claim Two is GRANTED on this basis as well with leave to

9  amend.  *See Lopez*, 203 F.3d at 1130.

10  **IV.  CONCLUSION**

11  For the aforementioned reasons, the Court hereby GRANTS Defendants' Motion to

12  Dismiss (ECF No. 7) as follows:

13  1.  Defendants' Motion to Dismiss for Claims One and Three is GRANTED without

14  leave to amend; and

15  2.  Defendants' Motion to Dismiss for Claim Two is GRANTED with leave to amend.

16  Defendant U.S. Department of Transportation is also DISMISSED from this case.  Plaintiff may

17  file an amended complaint not later than thirty (30) days after the electronic filing date of this

18  Order.  Secretary Pete Buttigieg shall file a responsive pleading not later than twenty-one (21)

19  days after the electronic filing date of Plaintiff's amended complaint.

20  IT IS SO ORDERED.

21  DATED: September 22, 2021

24  Troy L. Nunley
25  United States District Judge