Jesse Ortiz (CA State Bar No. 176450)
ORTIZ LAW GROUP, PC
681 West Capitol Avenue, Suite 201
Sacramento, CA 95605
Telephone: (916) 443-9500
Facsimile: (916) 443-9501
Email: jesse@jesseortizlaw.com

Attorneys for Plaintiff Mark Jimenez

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK JIMENEZ,<br><br>Plaintiff,<br><br>v.<br><br>THE HONORABLE PETE BUTTIEGIEG, SECRETARY OF TRANSPORTATION,<br><br>Defendants. | Case No. 2:19-CV-01458-TLN-KJN<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES FOR UNLAWFUL DISCRIMINATION** |

Plaintiff MARK JIMENEZ ("Plaintiff") hereby demands a trial by jury and complaints against Defendant the Honorable Pete Buttiegieg, Secretary of Transportation ("Defendant") as follows:

## NATURE OF CASE

1. This is an employment discrimination case, brought pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42, U.S.C. §§2000e, et seq., as amended ("Title VII").

2. Plaintiff alleges that he was subjected to unlawful discrimination on the basis of national origin and race (Hispanic) and color (brown), by his federal agency employer, Defendant. Specifically, and without limitation, Plaintiff was denied promotion and ultimately terminated as a result of his national

origin and race.

## JURISDICTION AND VENUE

3. This Court has original jurisdiction of Plaintiff's Title VII claims pursuant to 28 U.S.C §§1331, 1343(a)(4) and 42 U.S.C. §2000e-5(f)(3).

4. Venue is proper in this District pursuant to 28 U.S.C §1391(c) and 42 U.S.C §2000e-5(f)(3). The Secretary is subject to personal jurisdiction in this District as he maintains facilities and business operations in this District, employed Plaintiff in this District, and committed the discriminatory acts alleged herein in this District. United States District Court in and for the Eastern District of California Local Rule 120(d).

## PARTIES

5. Plaintiff is, and all times relevant hereto was, an employee of the United States Department of Transportation. Moreover, Plaintiff is of Hispanic descent and has brown skin.

6. Defendant is the Secretary of the United States Department of Transportation.

## GENERAL ALLEGATIONS

7. In or around January 2018, Mr. Jimenez was informed that he was one of three (3) volunteers that had been selected for temporary promotion to NOM positions for 1-2 pay periods each, and that he would be the third temporary position. On or about March 23, 2018, Mr. Jimenez discovered that a fourth, non-Hispanic and non-brown, employee had been given his NOM temporary position. Mr. Jimenez inquired about same and was assured that he would receive a fourth temporary NOM promotion after pay period 2018-11. However, on or about June 14, 2018, Mr. Jimenez was advised that he was being denied a temporary NOM promotion. There was no legitimate, non-discriminatory reason or basis upon which to deny Mr. Jimenez the position.

8. Throughout his career with the Department of Transportation, Mr. Jimenez has consistently demonstrated his ability to perform in accordance with applicable standards, to exceed the expectations of his superiors, and excel at the duties to which he was assigned.

9. Further, Mr. Jimenez successfully completed several certification programs that provided the foundation for his success and allowed him to develop critical skill sets to benefit of the Department.

10. Moreover, Mr. Jimenez has consistently been recognized by his peers and superiors as a

highly motivated worker with proven leadership skills and supervisory abilities. In line with this recognition, Mr. Jimenez has received several recommendations for promotions from his supervisors and has consistently earned positive performance reviews.

11. On July 6, 2018, Mr. Jimenez, believing he was not selected for the NOM position because he was Hispanic and/or brown, lodged a complaint of unlawful discrimination for the denial of the temporary NOM promotion. Mr. Jimenez participated in a mediation with the Office of Civil Rights on October 3, 2018 wherein his claims of unlawful discrimination based on race and/or national origin were discussed in detail with the Department of Transportation.

12. Thereafter, on or about October 10, 2018, only one week after the above-mentioned EEO mediation, Mr. Jimenez was terminated from his employment with the Department of Transportation.

## **EXAUSTION OF ADMINISTRATIVE REMEDIES**

13. Title VII requires federal employees to exhaust his administrative remedies as a precondition to filing an action.

14. Mr. Jimenez has exhausted each of his administrative remedies required of him prior to the commencement of this action.

   a. Mr. Jimenez's administrative remedies where exhausted on October 27, 2020, when the Equal Employment Opportunity Commission dismissed his EEO complaint.

   b. Mr. Jimenez timely appealed the decision to terminate him. On April 26, 2019, the decision to terminate Mr. Jimenez was affirmed. Mr. Jimenez thereafter filed a Petition for Review of the affirmation of the Defendant on May 31, 2019.

15. This action was commenced withing the required time limitations.

## **FIRST CAUSE OF ACTION**

(National Origin Discrimination in Violation of Title VII of the Civil Rights Act of 1964)

16. Mr. Jimenez hereby incorporates herein paragraphs 1 through 15 above, as though fully set forth herein.

17. Title VII of the Civil Rights Act makes it unlawful to discriminate against an individual based on his national origin. 42 U.S.C. §2000e-2(a)(1).

18. Mr. Jimenez is of Hispanic descent.

19. Throughout his career with the Department of Transportation, Mr. Jimenez has consistently demonstrated his ability to perform in accordance with applicable standards, to exceed the expectations of his superiors, and excel at the duties to which he was assigned. Further, Mr. Jimenez successfully completed several certification programs that provided the foundation for his success and allowed him to develop critical skill sets to benefit of the Department. Moreover, Mr. Jimenez has consistently been recognized by his peers and superiors as a highly motivated worker with proven leadership skills and supervisory abilities. In line with this recognition, Mr. Jimenez has received several recommendations for promotions from his supervisors and has consistently earned positive performance reviews.

20. Mr. Jimenez applied for a temporary NOM position.

21. However, Mr. Jimenez suffered an adverse job action in that he was unjustifiably denied the position. Mr. Jimenez met, indeed vastly exceeded, the Department's legitimate expectations in his ability to perform the essential job functions of the temporary NOM position.

22. A non-Hispanic individual who was not as competent or qualified for the position was treated more favorably that Mr. Jimenez in that the non-Hispanic individual was selected for the NOM position over Mr. Jimenez.

23. As a direct and proximate result of Defendant's discriminatory conduct, Mr. Jimenez has been denied employment related opportunities providing substantial compensation and benefits all to his damage in an amount to be proven at trial.

24. As a further direct and proximate result of Defendant's discriminatory conduct, Mr. Jimenez suffered anguish, humiliation, distress, inconvenience all to his damage in an amount to be proven at trial.

## **SECOND CAUSE OF ACTION**

**(Retaliation in Violation of Title VII of the Civil Rights Act of 1964)**

25. Mr. Jimenez incorporates herein paragraphs 1 through 24 above, as though fully set forth herein.

26. Section 704(a) of Title VII prohibits employers from discriminating against an employee because he has opposed any practice made an unlawful employment practice made unlawful

1  employment practice by this subchapter. 42 U.S.C. §2000e-3(a).

2  27. On July 6, 2018, Mr. Jimenez lodged a complaint of unlawful discrimination for the denial of the temporary NOM promotion. Mr. Jimenez participated in a mediation with the Office of Civil Rights on October 3, 2018, wherein his claims of unlawful discrimination based on race and/or national origin were discussed in detail with the Department of Transportation.

28. Thereafter, on or about October 10, 2018, only one week after the above-mentioned EEO mediation, Mr. Jimenez was terminated from his employment with the Department of Transportation.

29. Mr. Jimenez was terminated in retaliation for the lodging of his complaint of discrimination.

30. As a direct and proximate result of Defendant's discriminatory conduct, Mr. Jimenez has been denied employment related opportunities providing substantial compensation and benefits all to his damage in an amount to be proven at trial.

31. As a further direct and proximate result of Defendant's discriminatory conduct, Mr. Jimenez suffered anguish, humiliation, distress, inconvenience all to his damage in an amount to be proven at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgement against defendants as follows:

A. For special damages in a sum according to proof against all Defendants;

B. For general damages in a sum according to proof against all Defendants;

C. For punitive damages against all Defendants to the extent permitted by law;

D. For declaratory relief to the extent permitted by law;

E. For injunctive relief to the extent permitted by law;

F. For attorney's fees against all Defendants to the extent permitted by law;

G. For costs of suit;

H. For such other relief that the court deems just and proper.

Dated: August 12, 2022

ORTIZ LAW GROUP, PC

_____
Jesse Ortiz
Attorneys for Plaintiff
MARK JIMENEZ

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all claims stated within this Complaint on which he is entitled to a jury trial.

Dated: August 12, 2022

ORTIZ LAW GROUP, PC

_____
Jesse Ortiz
Attorneys for Plaintiff
MARK JIMENEZ

FIRST AMENDED COMPLAINT OF DAMAGES FOR DISCRIMINATION