UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK JIMENEZ,<br><br>            Plaintiffs,<br><br>      v.<br><br>THE HONORABLE PETE BUTTIEGIEG, SECRETARY OF TRANSPORTATION,<br><br>            Defendant. | No.  2:19-cv-01458-TLN-KJN<br><br>**ORDER** |

This matter is before the Court on Defendant the Honorable Pete Buttiegieg, Secretary of Transportation's ("Defendant") Motion to Dismiss. (ECF No. 26.) Plaintiff Mark Jimenez ("Plaintiff") filed an opposition. (ECF No. 29.) Defendant filed a reply. (ECF No. 30.) For the reasons set forth below, the Court GRANTS Defendant's Motion to Dismiss with leave to amend. (ECF No. 26.)

///

///

///

///

///

///

### I.     FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff worked for the United States Department of Transportation ("DOT") and was terminated on or about October 10, 2018. (ECF No. 23 ¶¶ 5, 12.) Plaintiff identifies as being "of Hispanic descent" and having "brown skin." (*Id.* at ¶ 5.)

In January 2018, Plaintiff was one of three volunteers selected for temporary promotions to "NOM"[1] positions for one to two pay periods each. (*Id.* at ¶ 7.) Specifically, Plaintiff was one of three employees selected for the temporary position.[2] (*Id.*) On March 23, 2018, Plaintiff discovered a fourth employee was given a NOM temporary promotion. (*Id.*) After learning of this, Plaintiff was assured, by some unknown individual, he would receive his temporary NOM promotion later, after "pay period 2018-11." (*Id.*) However, on June 14, 2018, Plaintiff learned he was denied the temporary NOM promotion.[3] (*Id.*)

On July 6, 2018, Plaintiff filed an EEO complaint of unlawful discrimination for the denial of the temporary NOM promotion. (*Id.* at ¶ 11.) Plaintiff believed he did not receive the position because he is "Hispanic and/or brown." (*Id.*) On October 3, 2018, Plaintiff participated in a mediation with the Office of Civil Rights regarding this complaint. (*Id.*) The Equal Employment Opportunity Commission ("EEOC") dismissed Plaintiff's EEO complaint on October 27, 2020. (*Id.* at ¶ 14a.) Plaintiff appealed the EEOC's dismissal of Plaintiff's EEO complaint. (*Id.* at ¶ 14b.) The decision to terminate Plaintiff was affirmed on April 26, 2019, and Plaintiff then "filed a Petition for Review of the affirmation of the Defendant on May 31, 2019." (*Id.*)

On July 30, 2019, Plaintiff filed the instant action with this Court. (ECF No. 1.) On September 23, 2021, this Court granted Defendant's motion to dismiss with leave to amend the Title VII claim. (ECF No. 17.) Plaintiff filed the First Amended Complaint on August 15, 2022.

---

[1]     Defendants correctly note that Plaintiff "does not explain what a 'NOM' position is, whether the promotion would involve a pay increase or new duties, or how the non-selection would otherwise constitute an adverse employment action." (ECF No. 26-1 at 8.)

[2]     Plaintiff does not allege who selected Plaintiff for this position.

[3]     Plaintiff does not allege who informed him he was denied the temporary NOM promotion.

1  (ECF No. 23.)  On August 24, 2022, Defendant filed a motion to dismiss.  (ECF No. 26.)  On
2  September 16, 2022, Plaintiff filed an opposition, and Defendants replied on September 21, 2022.
3  (ECF Nos. 29, 30.)

### II.     STANDARD OF LAW

A motion to dismiss for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure ("Rule") 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  Rule 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009).  Under notice pleading in federal court, the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and quotations omitted).  "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

On a motion to dismiss, the factual allegations of the complaint must be accepted as true. *Cruz v. Beto*, 405 U.S. 319, 322 (1972).  A court must give the plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint.  *Retail Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963).  A plaintiff need not allege "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to relief." *Twombly*, 550 U.S. at 570 (internal citation omitted).

Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of factual allegations." *U.S. ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986).  While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.  A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").  Thus, "[c]onclusory allegations of law and unwarranted inferences

3

are insufficient to defeat a motion to dismiss" for failure to state a claim. *Adams v. Johnson*, 355, F.3d 1179, 1183 (9th Cir. 2004) (citations omitted). Moreover, it is inappropriate to assume the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 680. While the plausibility requirement is not akin to a probability requirement, it demands more than "a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. This plausibility inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, only where a plaintiff fails to "nudge [his or her] claims . . . across the line from conceivable to plausible[,]" is the complaint properly dismissed. *Id.* at 680 (internal quotations omitted).

In ruling on a motion to dismiss, a court may consider only the complaint, any exhibits thereto, and matters which may be judicially noticed pursuant to Federal Rule of Evidence 201. *See Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988); *Isuzu Motors Ltd. v. Consumers Union of U.S., Inc.*, 12 F. Supp. 2d 1035, 1042 (C.D. Cal. 1998); *see also Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) (the court need not accept as true allegations that contradict matters properly subject to judicial notice).

If a complaint fails to state a plausible claim, "'[a] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)); *see also Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009) (finding no abuse of discretion in denying leave to amend when amendment would be futile). Although a district court should freely give leave to amend when justice so requires under Rule 15(a)(2), "the court's discretion to

deny such leave is 'particularly broad' where the plaintiff has previously amended its complaint[.]" *Ecological Rights Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 520 (9th Cir. 2013) (quoting *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004)).

### III.   ANALYSIS

Plaintiff's First Amended Complaint alleges two claims: (1) National Origin Discrimination in Violation of Title VII of the Civil Rights Act of 1964; and (2) Retaliation in Violation of Title VII of the Civil Rights Act of 1964. (ECF No. 23 at 3–5.) Defendant moves to dismiss the first claim, arguing Plaintiff failed to exhaust administrative remedies and failed to state a claim. (ECF No. 26-1 at 3.) Defendant further moves to dismiss the second claim, arguing Plaintiff did not seek leave of court to add the claim, and even had Plaintiff properly added the claim, Plaintiff did not exhaust administrative remedies. (*Id.* at 3, 9.) The Court will review each claim in turn.

   a.   *Claim One: Discrimination Claim*

      i.   *Failure to Exhaust Administrative Remedies*

An aggrieved employee must exhaust his administrative remedies prior to bringing a Title VII action in district court. *Peterson v. State of California Dept. of Corrections and Rehabilitation*, 451 F. Supp. 2d 1092, 1100 (E.D. Cal. 2006); *Greenlaw v. Garrett*, 59 F.3d 994, 997 (9th Cir. 1995). Under 5 U.S.C. § 7121(d), a federal employee pursuing a discrimination claim has two potential options when filing a grievance. 5 U.S.C. § 7121(d). An employee may pursue an allegation of discrimination either under a statutory procedure or a negotiated procedure. *Id.* An employee pursuing an allegation under the statutory procedure must file a formal complaint with the agency's EEO office. *Id.*; *Heimrich v. Dep't of the Army*, 947 F.3d 574, 577–78 (9th Cir. 2020). Alternatively, an employee may pursue the discrimination allegation by "filing a grievance in writing, in accordance with the provisions of the parties' negotiated procedure." 5 U.S.C. § 7121(d).

An employee raising allegations of discrimination "may raise the matter under a statutory procedure, or the negotiated procedure, but not both." 5 U.S.C. § 7121(d). Further, once an employee elects to pursue their allegation using one procedure, that decision is irrevocable.

*Heimrich*, 947 F.3d at 578; *Vinieratos v. U.S. Dep't of the Air Force*, 939 F.2d 762, 768 (9th Cir. 1991). Accordingly, whichever the employee files first — either a grievance under the negotiated procedure or an EEO complaint under the statutory procedure — will determine the procedure under which the matter will fall under. 5 U.S.C. § 7121(d); *Heimrich*, at 578; *Vinieratos*, at 768.

If an employee chooses to file a grievance under the negotiated procedure, the employee must resolve the grievance under that procedure. *Fernandez v. Chertoff*, 471 F.3d 45, 52 (2d Cir. 2006); *see Macy v. Dalton*, 853 F. Supp. 350, 354 (E.D. Cal. 1994) (stating an employee may not file an EEO complaint after choosing the grievance route.) For "any grievance not satisfactorily settled under the negotiated grievance procedure," such grievance shall "be subject to binding arbitration." 5 U.S.C. § 7121(b)(1)(C)(iii); *Dep't of Treasury v. Fed. Labor Relations Auth.*, 494 U.S. 922, 924 (1990). Following arbitration, a party may appeal the arbitrator's final decision to the EEOC. 5 U.S.C. § 7121(b)(2). An employee may then initiate a suit in district court "[o]nly after the EEOC has rendered its decision or failed to do so within 180 days." *Johnson v. Peterson*, 996 F.2d 397, 401 (D.C. Cir. 1993).

Plaintiff argues he is an aggrieved employee because he was denied the temporary promotion to the NOM position. (ECF No. 23 at ¶5, 7.) Plaintiff asserts he is of "Hispanic descent and has brown skin" and that he believes this is the reason he was not selected for the promotion. (*Id.* at ¶ 5, 11.) Plaintiff also argues he exhausted each of his administrative remedies because the "Equal Opportunity Commission dismissed his EEO complaint." (*Id.* at ¶ 14.a.) After the Equal Opportunity Commission dismissed the complaint, Plaintiff alleges he "timely appealed the decision to terminate him," and that the decision to terminate him was affirmed. (*Id.* at ¶ 14.b.) Plaintiff then filed a Petition for Review on May 31, 2019. (*Id.*)

Defendant disagrees and argues Plaintiff did not exhaust his administrative remedies. (ECF No. 26-1 at 3–5.) Defendant asserts Plaintiff must file a grievance either under the negotiated procedure or the statutory procedure, but not both. (ECF 26-1 at 3.) Defendant argues Plaintiff filed his grievance prior to filing an EEO complaint regarding the same matter, and therefore he elected to pursue his claim under the negotiated procedure. (*Id.* at 4.) Defendant further argues "Plaintiff does not allege that he exhausted his remedies under the negotiated

6

grievance procedure before filing this action," and therefore the Court should dismiss Plaintiff's discrimination claim.  (*Id.* at 5.)

The Court agrees with Defendant.  Here, Plaintiff filed a complaint of unlawful discrimination on July 6, 2018, after he did not receive the temporary NOM promotion.  (ECF No. 23 at ¶ 11.)  Critically, Plaintiff does not allege that he filed a formal complaint with the agency's EEO office.  (*Id.*)  Plaintiff does allege, however, that he participated in a mediation with the Office of Civil Rights on October 3, 2018, to discuss this discrimination complaint.  (ECF No. 23 at ¶ 11.)  Plaintiff's participation in this mediation suggests that the parties were attempting to resolve the grievance "in accordance with the provisions of the parties' negotiated procedure."  *Id.*; 5 U.S.C. § 7121(d).  Accordingly, Defendant argues, and this Court agrees, that Plaintiff pursued his grievance under the negotiated procedure.  (ECF No. 26-1 at 4.)

Plaintiff alleges that his "administrative remedies were exhausted on October 27, 2020, when the Equal Employment Opportunity Commission dismissed his EEO complaint."  (ECF. No. 23 at ¶ 14.)  Plaintiff also asserts that he timely appealed the decision to terminate him, and therefore he exhausted his administrative remedies.  (*Id.* at ¶¶ 13–15.)  However, because Plaintiff elected to pursue this grievance under the negotiated procedure, Plaintiff needed to allege the parties sought resolution under binding arbitration because the grievance was "not satisfactorily settled under the negotiated grievance procedure."  5 U.S.C. § 7121(b)(1)(C)(iii).  Plaintiff does not allege any attempt to resolve the grievance under binding arbitration.  (ECF No. 23 at ¶¶ 13–15.)  Accordingly, Plaintiff fails to allege he exhausted all administrative remedies.

> ii.  *Failure to State a Claim*

Defendant argues Plaintiff's discrimination claim also fails to state a claim upon which relief can be granted.  Specifically, Defendant argues Plaintiff "fails to allege any facts that would establish a prima facie case of disparate treatment or otherwise give rise to an inference that the reason [Plaintiff] was denied a temporary promotion to a NOM position at the Department of Transportation was because of his origin/race or color.  (ECF 26-1 at 6.)  Specifically, Defendant argues Plaintiff does not allege sufficient facts demonstrating Plaintiff suffered an adverse employment action because Plaintiff does not explain what the NOM position is or what benefits

7

1 come with the NOM position. (*Id.* at 5–6.) Defendant also argues Plaintiff does not allege that
2 the individual that received the NOM position was "similarly situated" to Plaintiff. (*Id.*)

3    Plaintiff counters arguing the Department of Transportation unjustifiably denied Plaintiff
4 the temporary NOM position. (ECF No. 23 at ¶ 21.) Specifically, Plaintiff argues that, despite
5 his qualifications for the job, he was not selected for the position. (*Id.* at ¶¶ 21–22.) Further,
6 Plaintiff contends a "non-Hispanic individual who was not as competent or qualified for the
7 position was treated more favorably" than Plaintiff who is of Hispanic descent. (*Id.* at ¶¶ 18, 22.)

8    Title VII makes it unlawful for an employer to "discriminate against any individual . . .
9 because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-
10 2(a)(1). To establish a prima facie case of disparate treatment under Title VII, a plaintiff must
11 show: "(1) that the plaintiff belongs to a class of persons protected by Title VII; (2) that the
12 plaintiff performed his or her job satisfactorily; (3) that the plaintiff suffered an adverse
13 employment action; and (4) that the plaintiff's employer treated the plaintiff differently than a
14 similarly situated employee who does not belong to the same protected class as the plaintiff."
15 *Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1028 (9th Cir. 2006); *see McDonnell*
16 *Douglas Corp v. Green*, 411 U.S. 792, 802 (1973).

17    Here, elements one and two are adequately pleaded. (ECF 23 at ¶¶ 5, 9–10, 19.) Plaintiff
18 alleges he is of Hispanic descent and has brown skin. (*Id.* at ¶ 5.) Title VII protects
19 classifications based on race and color. 42 U.S.C. § 2000e-2(a)(1). Accordingly, Plaintiff
20 sufficiently alleges he belongs to a class of persons protected by Title VII. (ECF 23 at ¶ 5.)
21 Plaintiff also alleges that he consistently "perform[ed] in accordance with applicable standards,"
22 exceeded superiors' expectations. (*Id.* at ¶ 8.) Plaintiff also received multiple recommendations
23 from his supervisors for promotions. (*Id.* at ¶10.) Accordingly, element two is adequately
24 pleaded.

25    Turning to element three. This Court finds element three is not adequately pleaded. To
26 satisfy element three, Plaintiff must allege he suffered an adverse employment action. *Cornwell*,
27 439 F.3d at 1028. Specifically, an adverse employment action is any action that affects an
28 employee's "compensation, terms, conditions, or privileges of employment[.]" *Chuang v.*

*University of California Davis, Bd. of Trustees*, 225 F.3d 1115, 1125 (9th Cir. 2000) (quoting 42 U.S.C. § 2000e-2(a)(1). Here, Plaintiff alleges he did not receive a temporary NOM position because he is "of Hispanic descent." (ECF. No. 23 at ¶¶ 5, 7.) However, Plaintiff states that he was one of three *volunteers* for the position. (*Id.* at ¶ 7.) Therefore, Plaintiff does not, and seemingly cannot allege how denial of this promotion adversely affected his compensation (as volunteers are by general definition, uncompensated). Further, Plaintiff does not allege any facts showing that the "terms, conditions, or privileges of [his] employment" changed as a result of his not receiving the temporary NOM position. Accordingly, element three is not adequately pleaded.

This Court finds element four is also not adequately pleaded. Element four requires Plaintiff allege his "employer treated [him] differently than a similarly situated employee" who is not in Plaintiff's same protected class. *Cornwell*, 439 F.3d at 1028. For employees to be similarly situated, they must have "similar jobs and display similar conduct." *Vasquez v. County of Los Angeles*, 349 F.3d 634, 641 (9th Cir. 2003); *Day v. Sears Holdings Corp.*, 930 F. Supp. 2d 1146, 1162 (C.D. Cal. 2013). Plaintiff alleges the employee that ultimately received the promotion was a "non-Hispanic individual." (ECF No. 23 at ¶ 22.) Therefore, Plaintiff sufficiently alleges the employee is not in Plaintiff's same protected class. *Cornwell*, at 1028. However, Plaintiff does not allege any facts indicating the employee that ultimately received the promotion was similarly situated. (ECF No. 23 at ¶ 22.) Plaintiff only alleges that this employee "was not as competent or qualified for the position" and therefore that he was treated more favorably. (*Id.*) Plaintiff does not include any facts indicating he and this other employee have similar jobs. (*Id.*) Further, Plaintiff does not describe how this other employee's conduct is similar to Plaintiff's. (*Id.*) Accordingly, element four is not adequately pleaded.

///
///
///
///
///

9

b.  *Claim Two: Retaliation Claim*

i.  *Plaintiff Did Not Seek Leave to Amend*

A party may amend his pleading once as a matter of course within twenty-one days after serving it. Fed. R. Civ. P. 15(a)(1)(A). If a responsive pleading is required, then the party may amend his pleading "21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(B). However, "in all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).

Generally, a court looks to the language of the prior order to determine whether leave to amend was granted with or without limitation. *Jameson Beach Prop. Owners Ass'n v. United States*, No. 2:13-cv-01025-MCE, 2014 WL 4925253, at *3 (E.D. Cal. 2014). Where a prior order of dismissal granted leave to amend without limitation, plaintiffs may add new claims to an amended complaint. *Id.* (citation omitted); *see, e.g.*, *Cover v. Windsor Surry Co.*, Case No. 14–cv–05262, 2016 WL 3421361, at *3 (N.D. Cal. 2016) (citation omitted); *DeLeon v. Wells Fargo Bank*, N.A., No. 10–CV–01390–LHK, 2010 WL 4285006, at *3 (N.D. Cal. 2010) (citations omitted); *Topadzhikyan v. Glendale Police Dep't*, No. 10-cv-387 CAS, 2010 WL 2740163, at *3 n.1 (C.D. Cal. 2010). However, where a prior order of dismissal granted leave to amend with limitation, a plaintiff is barred from adding new claims. *Jameson*, at *4; *Benton v. Baker Hughes*, CV–12–07735–MMM, 2013 WL 3353636, at *3 (C.D.Cal. 2013). Limitation on a plaintiff's leave to amend exists when a court's order only grants Plaintiff leave to amend to address the deficiencies in a plaintiff's existing causes of action identified in the order. *Jameson*, at *4; see *Benton*, at *3.

Here, Plaintiff was granted leave to amend with limitation. (See ECF No. 17 at 5–6.) In this Court's previous Order, the court granted Defendant's motion to dismiss with leave to amend Claim Two alleging discrimination in violation of Title VII. (*Id.*) The Court granted leave to amend this claim because Plaintiff could cure the defects of this existing cause of action by amendment. (Id.); *Jameson*, at *4; *see also Benton*, at *3. Therefore, Plaintiff is barred from adding new claims without the Court's leave. *Jameson*, at *4; see *Benton*, at *3; Fed. R. Civ. P.

15(a)(2). Accordingly, the Court dismisses Plaintiff's retaliation claim.

The Court need not address Defendant's remaining argument as to Plaintiff's failure to exhaust administrative remedies as to claim two because this claim is dismissed for the reason mentioned above.

### IV.   CONCLUSION

For the foregoing reasons, the Court hereby GRANTS Defendant's Motion to Dismiss. (ECF 26.) Plaintiff may file an amended complaint as to Claim One within thirty (30) days of the electronic filing date of this Order. Defendant's responsive pleading is due within twenty-one (21) days of the electronic filing date of Plaintiff's amended complaint. Should Plaintiff wish to bring what was pleaded as Claim Two in any subsequent complaint, Plaintiff must petition this Court for leave to amend pursuant to Federal Rule of Civil Procedure 15.

IT IS SO ORDERED.

**DATED: March 29, 2023**

Troy L. Nunley
United States District Judge