UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

MARK JIMENEZ,

               Plaintiff,

     v.

PETE BUTTIGIEG, SECRETARY OF
TRANSPORTATION,

               Defendant.

No. 2:19-cv-01458-TLN-KJN

**ORDER**

      This matter is before the Court on Defendant Pete Buttigieg, Secretary of the United States Department of Transportation's ("Defendant") Motion to Dismiss.  (ECF No. 34.)  Plaintiff Mark Jimenez ("Plaintiff") filed an opposition.  (ECF No. 35.)  Defendant filed a reply.  (ECF No. 37.)  For the reasons set forth below, the Court GRANTS Defendant's Motion to Dismiss. (ECF No. 34.)

///

///

///

///

///

///

1

## I.   FACTUAL AND PROCEDURAL BACKGROUND

A detailed recitation of the factual and procedural history is not necessary for the disposition of Defendant's motion as they are fully set forth in the Court's previous Order.  (ECF No. 32.)  In short, this case concerns alleged employment discrimination based on national origin. Plaintiff identifies as a Hispanic male with "brown skin," and worked for the U.S. Department of Transportation ("DOT").  (ECF No. 33 at ¶¶ 5, 12.)  Defendant is the Secretary of the DOT and oversees its operation.  (*Id.* at ¶ 6.)

In January 2018, Plaintiff alleges he was one of three volunteers selected for promotion to a temporary "NOM" position.[1]  (*Id.* at ¶ 7.)  Two months later, Plaintiff discovered his NOM position was given to a "non-Hispanic and non-brown[] employee."  (*Id.*)  Plaintiff alleges he inquired into the last-minute change and DOT personnel assured him there would be a fourth NOM position that he would receive.  (*Id.*)  However, on June 14, 2018, DOT personnel notified Plaintiff that he would not be promoted to a NOM position.  (*Id.* at ¶ 7.)

Plaintiff believed he did not receive the promotion because he is Hispanic and elected to pursue a discrimination claim by filing a grievance pursuant to the procedures set forth in the collective bargaining agreement between his labor organization and the DOT.  (*Id.* at ¶ 14.) Plaintiff alleges the negotiated grievance procedure did not satisfactorily resolve his claim and "binding arbitration did not come to fruition."  (*Id.* at ¶ 15.)  Plaintiff also filed a complaint with the U.S. Equal Employment Opportunity Commission ("EEOC") on July 6, 2018, that the EEOC subsequently dismissed.  (ECF No. 33 at ¶¶ 11–12, 15.)

On July 30, 2019, Plaintiff filed a Complaint against Defendant,[2] the DOT, and several unnamed individuals (collectively, "Defendants"), alleging three causes of action: (1) violation of 42 U.S.C. § 1981; (2) violation of 42 U.S.C. § 2000e et seq. ("Title VII"); and (3) violation of the California Fair Employment and Housing Act.  (ECF No. 1.)  On September 23, 2021, the Court granted Defendants' motion to dismiss and dismissed with leave to amend Plaintiff's Title VII

---

[1]   Plaintiff does not define or explain what a "NOM" position is.

[2]   Elaine Chao was the Secretary of Transportation at the time Plaintiff filed his Complaint.

1  claim.  (ECF No. 17.)  The Court further dismissed the DOT from this action as an improper

2  defendant.  (*Id.*)

3          On August 15, 2022, Plaintiff filed his First Amended Complaint ("FAC"), alleging: (1)

4  discrimination based on national origin in violation of Title VII; and (2) retaliation in violation of

5  Title VII.  (ECF No. 23.)  On March 30, 2023, the Court granted Defendant's motion to dismiss

6  and dismissed Plaintiff's FAC with leave to amend the Title VII claim based on national origin

7  discrimination.  (ECF No. 32.)  Specifically, the Court found that Plaintiff failed to allege he

8  exhausted his administrative remedies, failed to state a claim of national origin discrimination

9  under Title VII, and failed to obtain leave of court or Defendant's written consent to add his Title

10  VII retaliation claim.  (*Id.* at 5–11.)

11          On April 28, 2023, Plaintiff filed the operative Second Amended Complaint ("SAC"),

12  alleging discrimination based on national origin in violation of Title VII.  (ECF No. 33.)

13  Defendant filed the instant motion to dismiss the SAC on May 19, 2023.  (ECF No. 34.)

14       **II.**    **STANDARD OF LAW**

15          A motion to dismiss for failure to state a claim upon which relief can be granted under

16  Federal Rule of Civil Procedure ("Rule") 12(b)(6) tests the legal sufficiency of a complaint.

17  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  Rule 8(a) requires that a pleading contains

18  "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R.

19  Civ. P. 8(a); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009).  Under notice pleading in

20  federal court, the complaint must "give the defendant fair notice of what the . . . claim is and the

21  grounds upon which it rests."  *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (internal

22  citation and quotations omitted).  "This simplified notice pleading standard relies on liberal

23  discovery rules and summary judgment motions to define disputed facts and issues and to dispose

24  of unmeritorious claims."  *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

25          On a motion to dismiss, the factual allegations of the complaint must be accepted as true.

26  *Cruz v. Beto*, 405 U.S. 319, 322 (1972).  A court must give the plaintiff the benefit of every

27  reasonable inference to be drawn from the "well-pleaded" allegations of the complaint.  *Retail*

28  *Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963).  A plaintiff need not allege

"'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to relief." *Twombly*, 550 U.S. at 570 (internal citation omitted).

Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of factual allegations." *U.S. ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Thus, "[c]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss" for failure to state a claim. *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004) (citations omitted). Moreover, it is inappropriate to assume the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 680. While the plausibility requirement is not akin to a probability requirement, it demands more than "a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. This plausibility inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, only where a plaintiff fails to "nudge [his or her] claims . . . across the line from conceivable to plausible[,]" is the complaint properly dismissed. *Id.* at 680 (internal quotations omitted).

If a complaint fails to state a plausible claim, "'[a] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith*, 203 F.3d 1122,

1  1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995));

2  *see also Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009) (finding no abuse of discretion in

3  denying leave to amend when amendment would be futile).  Although a district court should

4  freely give leave to amend when justice so requires under Rule 15(a)(2), "the court's discretion to

5  deny such leave is 'particularly broad' where the plaintiff has previously amended its complaint."

6  *Ecological Rights Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 520 (9th Cir. 2013) (quoting

7  *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004)).

8       **III.   ANALYSIS**

9       Defendant moves to dismiss Plaintiff's Title VII claim for failure to exhaust his

10  administrative remedies.  (ECF No. 34-1 at 3–5.)

11       A plaintiff seeking to litigate a Title VII claim in federal court must first exhaust their

12  administrative remedies.  *Greenlaw v. Garrett*, 59 F.3d 994, 997 (9th Cir. 1995); *Vinieratos v.*

13  *U.S., Dept. of A.F. Through Aldridge*, 939 F.2d 762, 767–68 (9th Cir. 1991) ("Title VII

14  specifically requires a federal employee to exhaust his administrative remedies as a precondition

15  to filing suit.").  Federal employees who raise allegations of discrimination based on national

16  origin or other protected categories may exhaust their administrative remedies in two different

17  ways.  *See* 5 U.S.C. § 7121(d).  "The aggrieved employee may, as one option, raise the matter by

18  filing a grievance under the 'negotiated procedure' described in the [collective bargaining

19  agreement]."  *Heimrich v. Dept. of the Army*, 947 F.3d 574, 578 (9th Cir. 2020).  "In the

20  alternative, the employee may raise the matter under the 'statutory procedure' by filing a formal

21  complaint with the [EEOC]."  *Id.*  These two options are mutually exclusive, however, and once

22  an election is made, that decision is irrevocable.  *Vinieratos*, 939 F.2d at 768.

23       In the instant case, Plaintiff first elected to pursue his discrimination claim under the

24  negotiated procedure.  (ECF No. 32 at 7; ECF No. 35 at 2.)  Therefore, Plaintiff must exhaust his

25  administrative remedies under that process before filing suit in this Court.  *Vinieratos*, 939 F.2d at

26  767–768; *Fernandez v. Chertoff*, 471 F.3d 45, 52 (2d Cir. 2006) ("By invoking the negotiated

27  procedure, the employee commits to resolving his grievance in accordance with the procedures

28  prescribed in the collective bargaining agreement between his union and his employing agency.")

The negotiated procedure in a collective bargaining agreement must "provide that any grievance not satisfactorily settled … shall be subject to binding arbitration which may be invoked by either the exclusive representative or the agency." 5 U.S.C. § 7121(b)(1)(C)(iii).  A party may appeal the final arbitration decision to the EEOC.  5 U.S.C. § 7121(b)(2), (d).  Thus, "an employee who chooses the negotiated grievance procedure must appeal the arbitrator's award to the EEOC before bringing suit." *Fernandez*, 471 F.3d at 54.  "Only after the EEOC has rendered a decision or failed to do so within 180 days may the employee use section 2000e–16(c) and initiate suit in district court." *Johnson v. Peterson*, 996 F.2d 397, 401 (D.C. Cir. 1993).

Defendant argues Plaintiff failed to exhaust his administrative remedies because he did not participate in arbitration and appeal the arbitrator's final decision to the EEOC before commencing the instant lawsuit.  (ECF No. 34-1 at 3–5.)

In opposition, Plaintiff contends he exhausted his administrative remedies because he attempted to resolve his grievance under the negotiated procedure and sought resolution via binding arbitration.  (ECF No. 35 at 2–3.)  Plaintiff maintains he appealed to the EEOC, and they informed him "that he had a right to file a civil action in the appropriate United States District court."  (*Id.* at 3.)

The Court agrees with Defendant and finds Plaintiff has failed to demonstrate he exhausted his administrative remedies.  Plaintiff alleges in his SAC that he *attempted* to pursue binding arbitration but concedes that "binding arbitration did not come to fruition."  (ECF No. 33 at ¶ 15.)  Plaintiff's concession necessarily means there was no final arbitration decision, and therefore, he could not have appealed a final arbitration decision to the EEOC.  *Fernandez*, 471 F.3d at 54 (must appeal final arbitration decision to the EEOC).  Likewise, the EEOC could not have rendered a decision on his arbitration appeal or failed to do so within 180 days.  *Johnson*, 996 F.2d at 401 (EEOC must render a decision or fail to do so within 180 days).  Thus, Plaintiff has failed to demonstrate he exhausted his administrative remedies prior to commencing suit in this Court.[3]  *See Johnson*, 996 F.2d at 401 (dismissing complaint for failure to exhaust

---

[3]     Because the Court dismisses Plaintiff's SAC for failure to exhaust administrative

administrative remedies under the grievance procedures); *Martinez v. Snow*, No. 1:04CV6285 SMS, 2006 WL 3654618, at *5 (E.D. Cal. Dec. 12, 2006) (same); *see also Greenlaw*, 59 F.3d at 997 ("A plaintiff may not cut short the administrative process prior to its final disposition, for upon abandonment a claimant fails to exhaust administrative relief and may not thereafter seek redress from the courts.").

The Court noted in its previous Order that Plaintiff did not allege in his FAC that he attempted to resolve his grievance under binding arbitration, let alone appeal the final arbitration decision to the EEOC.  (ECF No. 32 at 7.)  Plaintiff alleges in his SAC that he attempted to pursue binding arbitration, in an apparent attempt to conform to the Court's Order.  (*See* ECF No. 35 at 2.)  As discussed above, however, this is insufficient.  The Court further finds that granting leave to amend would be futile here given Plaintiff's concession that binding arbitration did not come to fruition.

Accordingly, the Court DISMISSES Plaintiff's Title VII claim without leave to amend. *Theme Promotions, Inc. v. News Am. Mktg. FSI*, 546 F.3d 991, 1010 (9th Cir. 2008) ("[L]eave to amend will not be granted where an amendment would be futile.").

## IV.    CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant's Motion to Dismiss.  (ECF No. 34.)  The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Date:  February 8, 2024

_____
Troy L. Nunley
United States District Judge

---

remedies, the Court need not address Defendant's argument that Plaintiff has failed to state a claim.

7